(Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

(1) Charles A. Edwards #00520789 ETAL,
　　(Name of Plaintiff)　　(Inmate Number)

P.O. Box 500 - PT 502
Georgetown Delaware 19947
　　(Complete Address with zip code)

(2) _____
　　(Name of Plaintiff)　　(Inmate Number)

_____
　　(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) Lawrence M. Sullivan ETAL.,
(2) Carole J. Dunn ESQ.
(3) _____
　　(Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

06 - 477

(Case Number)
(to be assigned by U.S. District Court)

FILED
AUG -3 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

CIVIL COMPLAINT

• • Jury Trial Requested

Class-Certification

**I. PREVIOUS LAWSUITS**

A.　If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

NONE

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ✗ Yes • • No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? • • Yes ✗ No

C. If your answer to "B" is Yes:

1. What steps did you take? N/A

2. What was the result? N/A

D. If your answer to "B" is No, explain why not: This is NOT A INSTITUTIONAL ACTION UNDER 42 USC § 1997 provisions.

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: LAWRENCE M. SULLIVAN, ESQ.,
Employed as Public Defender at STATE WIDE
Mailing address with zip code: 820 N. French Street
Wilmington, Delaware 19801

(2) Name of second defendant: CAROLE J. DUNN, ESQ.,
Employed as ASSISTANT Public Defender Georgetown office
Mailing address with zip code: 14 The Circle 2nd floor
Georgetown, Delaware 19947

(3) Name of third defendant: _____
Employed as _____ at _____
Mailing address with zip code: _____

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. Petitioner was arrested on January 6, 2006 and thereafter was appointed by the Court a Public Defender, based on Plaintiff's Indigent Status pursuant to 29 Delaware Code § 4601 through 4608.

2. Defendant Sullivan is the Public Defender Respondent Superior over all assistants and responsibility is codified under 29 Delaware Code § 4601 through 4608.

3. Defendant Dunn is an Assistant Public Defender under 11 § 4601 and 4608 and 5.1 of the Delaware Rules of Professional Conduct of Lawyers as an Subordinate to Defendant Sullivan and Appointed to represent Plaintiff on 1-12-06.

V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Compensate Plaintiff in the amount of Personal and Compensatory Damages in the amount of 1.5 million

3

4.) Both Defendants Sullivan and Dunn act under the Color of Code and Qualified Immunity pursuant to 10 Delaware Code §4001 through 4010 and herein both acted outside of their job performance requirements and incurred prejudicial maleficence in their representation of Plaintiff in the Criminal Action No. 0601004409 and thus have done so without regaurd and with Malice Intent to deprive Plaintiff of his Sixth Amendment Right to Adequate Representation as more fully expressed in the foregoing Reasons within the American Bar and Delaware Bar and Delaware Rule on Professional Conduct.

5.) From January 20, 2006 Defendant Dunn did by her own inaction and failure fail to:

A.) Contact "All Witnesses" as contained in Defendants February 7, 2006 Letter to Counsel as Requested by Defendant in her own January 20, 2006 Letter Requesting All Names Addresses and Phone Numbers. (See Exhibit "A" and Exhibit "B") This is also a violation of 1.4. Communication and 1.2 Scope of Representation and 2.1 Advisor of the Delaware Lawyers Rules of Conduct.

6

B.) Failed, to forward; all discovery received from the State's Attorney's office as stated, in her February 16, 2006, letter (See Exhibit "C") paragraph 4. And did so in a manner that conjured up to the Plea-Agreement of July 5 and 7 2006. (See Exhibits "D" and "E") And as evidenced of Plaintiffs July 22, 2006 letter (See Exhibit "F") and of her own actions of July 28, 2006 at 4:30 PM bring me the 911 tape that was the Hinge Point of the July 5 and 7, 2006 Plea-Negotiations (See Exhibit "G") And refused to put on any copy in her Hand-Writing the date aforesaid given to me. or to compel the State to provide Video's taken from Delaware State Police As stated In the March 19, 2006 Discovery Responce at (P.2) under Superior Court Criminal Rule 16(A)(1)(A), Expert Witness was not obtained nor was an Independent motion(s) filed for Expert-Witnesses to Refute the States Expert Witness Debbie Holbrook. As Stated In The 3-19-06 Discovery Responce.

C.) Failure to file any Post-Trial Motions that would allow the Suppression of Evidence or limit the Scope of Questions to Prospective Witness Subpeanaed

or the introduction of evidence already provided by the State on March 19 and 29, 2006. or as provided under Superior Court Criminal Rule 16(b) as contained in the aforesaid March 19, 2006 at p. 3 (See Exhibit "H") and her own April 21, 2006 (See Exhibit "I") shows the failure to send certain discovery related item's i.e. pictures of victim and medical reports of victim. And object to the States own June 1, 2006 admissions of and/or motion the court to dismiss the charge's as contained in their own Rep'l to Bill of Particulars that exonerate plaintiff (See Exhibit "J") at page 1 at 1.) A.) in Para Materia:

"As to the first three counts of Rape 1st Degree, Alfred Thomas is the person alleged to have committed the alleged act of sexual intercourse"

6.) Defendant Gwinn cannot adequately represent plaintiff in that she has an average case load of 40-60 cases at a time revolving on as much as 75 cases to 300 cases per year. And Defendant Sullivan knowingly aware of same as Respondent Superior affirmation.

8

2. APPOINT A SPECIAL MASTER TO OVER-SEE THE REVISIONS OF AND ENFORCE-MENT OF THE CURRENT GUIDELINES FOR PUBLIC DEFENDERS REPRESENTATIONS OF INDIGENT PERSONS IN DELAWARE.

3. APPOINT CLASS-COUNSEL TO REVIEW ALL OTHER SIMILAR SITUATED PERSONS EXEL FILES TO DETERMINE IF CLASS ACTION STATUS IS APPLICABLE TO THE GIVEN CIRCUMSTANCE AS CONTAINED IN PLAINTIFFS CASE SUMMARY.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __28__ day of __July__, 20_06_.

x _Charles Edwards_
Edward A. C_____ (Signature of Plaintiff 1) CLASS REPRESENTATIVE (PRO SE)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4



Charles A Edwards
#00520789 P.502
P.O. Box 500
Georgetown Delaware 19947

Clerk
U.S. District Court
844 King Street
Lock Box 18
Wilmington Delaware 19801

"Legal Mail"

# SEALED DOCUMENT