In The United States District Court
For The District of Delaware

Charles A. Edwards, et al.,
Plaintiffs,

-vs-

Lawrence M. Sullivan, et al.,
Defendants.

Civil Action No. 06-477-KAJ


FILED
SEP 11 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Motion For Class Certification

Comes Now Plaintiff Charles A. Edwards Pro Se, in the above entitled cause, Pursuant to Federal Rules of Civil Procedure, Rule 23(b)(2) that would therefore show;

1.) There are five Requirements set-forth for Class Certification under Rule 23(b)(2);

A.) The Class is so numerous that joiner of all members is impracticable, in Delaware, all indigent Defendant(s) in (Criminal Actions), are appointed a Public Defender(s), under 29 Delaware Code § 4601 thru 4608. et. seq.,

B.) There are Questions of Law

Scanned- BD  9/11/06

or fact common to the class, indigent criminal defendant(s), through-out all 3 counties, are entitled, to adequate, representation(s), under the Due-Process and Equal-Protections of Fourteenth and Sixth Amendments, to the United States Constitution and aforesaid state laws, under the Delaware Constitution.

C.) The claims or defenses of the representative parties, are typical of the claims or defenses of the class, all criminal defendants represented by, the Office of the Public Defender, of the State of Delaware, are, illiterate, poorly educated and little access to private lawyers.

D.) The representative parties will fairly and adequately protect, the interest of the class, in that, the same legal or remedial theory, applies, to all indigent, criminal defendant(s), adequate representation(s), in criminal cases.

E.) The party opposing, the class has acted or refused to act, on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief, with respect, to all indigent criminal defendant(s), representative by the Public Defender of the State of Dela-

(2)

-WARE, under Superior Court Criminal Rules and 29 Del.C. § 4601 thru 4608. And do so and Act under, The Color of Code And Qualified Immunity, pursuant to 10 Delaware Code § 4001 thru 4010 And Delaware Rules of Professional Conduct, that amounts to Malfeasance and frivolous, fraudulent Criminal Representations.

## Appointment of Counsel

2.) Plaintiff cannot meet, competent Counsel Requirement. Herein Plaintiff a prose Prisoner, is not, capable of representing other, Indigent Criminal defendants Interest, as well as his own. The Complexity of Issues are evident and additional Conflicts of Interest, with other Class members, that would prevent Plaintiff from being able to represent them fairly whereas other Plaintiffs could have "Typical" Claims, without asserting "Precisely The Same" Injuries, As other, Class members, pursuant to Federal Rule 23(b)(2).

## Memorandum of Law

Class-Actions may be brought, on Behalf, of All Individuals. In Particular Status or Category: Hassine V. Jeffes 846 F. 2d 169, 180 (3d Cir. 1988) Seeking Reform Doe V. Meak-

(3)

hum 126 F.R.D. 442, 443-44 (D. Conn 1989); All Class Members are Illiterate, Poorly Educated with Little Access to Lawyers U.S. v. Fressier 506 F.2d 1115 at 1126 (2d Cir. 1974) Cert. Deined 421 U.S. 921 (1975); Leyva v. Buley 125 F.R.D. 512, 515 (E.D. Wash. 1989); Class Certification is useful, because it focuses, a Court's attention, on Systemic Problems at a Facility* and keeps the Lawsuit from becoming Moot, when the Original, Plaintiff is Released. Courts Require Rule 23(b)(2) Classes, to be Represented, by Lawyers. If a Judge Believes, that <u>serious problems exist, it may grant, class certification and appoint counsel to represent, all the indigent criminal defendants and monitor, the office of Public Defenders, so more, adequate representations are done</u>. Plaintiff's Claims, Involve, "Common Element of Fact or Law"; Senter v. General Motors Corporation 532 F.2d 511 at 525 N. 31 (6th Cir) Cert Deined 429 U.S. 870 (1976) or "The Same Legal or Remedial Theory" as of the Class Members Claims; Penn v. San Juan Hosp. 528 F.2d 1181, 1189 (10th Cir 1976). The Party opposing, the Class, has Acted or Refused to Act, on grounds generally App-

(4)

---

*In Sussex County 92% Conviction Rates are the Norm Were Public Defenders who have High Case Loads are Forced to Take Pleas because of their

-licable to the Class, thereby making appropriate, final, injunctive relief or corresponding declaratory relief, with respect, to the Class as a whole; Hassine v. Jeffers 846 F.2d 169, 177 (3d. Cir 1988); All Plaintiffs could have "Typical" Claims, without asserting "Precisely the Same" injuries, as other Class Members; Dean v. Coughlin 107 F.R.D. at 334; Waters v. Thompson 615 F. Supp 330, 334 (N.D. Ill. 1985) A Prose Prisoner, is "Not" Capable, of Representing, other Prisoner's interest, as well as his own; Caputo v. Fauver 800 F. Supp 168, 170 (D. N.J. 1992); Aff'd 995 F.2d 216 (3d Cir 1993); And Cases Cited, Therein under, as well, as the "Complexity of Issues-are Evident"; Nisson v. Coughlin 670 F. Supp 1186, 1191 (S.D. NY. 1987) "Additional Conflicts of interest, with other Class Members, that would prevent, Plaintiff, from being, able to Represent Them fairly"; Payne v. Travenol Laboratories Inc. 673 F.2d 798, 810-11 (5th Cir) Cert-denied 459 U.S. 1038 (1982); Herein, other similar situated indigent criminal defendants, Cannot have, Share or Possess, other Pre-Trial Detainees legal Papers, or give a copy, to class around of any of Plaintiff's legal filings, as contained hereinunder. Defendants Act under 29 Del C. § 4601

(5)

Thru 4608 et. seq., and Delaware Superior Court Criminal Rules and Delaware Rules of Attorney Conduct. And Since, The Office of The Public Defender's Act "under color of State Law" pursuant to 10 Del. C. § 4001-4010 the Conduct of The Class of Person(s), herein violate, the Rules of his/her Job and/or State Law; WEST V. ATKINS 487 U.S. 42, 50 (1988); Flagg Bros., Inc., V. Brooks 436 U.S. 149, 157 N. 5 (1978) As Such, When A Public Defender, Represents A Indigent, Criminal defendant, he is, Acting under a Contract, with The State; WEST V. ATKINS 487 U.S. AT 54-57; See Generally: BRENTWOOD ACADEMY V. TENNESSEE SECONDARY School Athletic ASS'N 531 U.S. 288 (2001). Defendant Lawrence M. Sullivan, is The Public Defender of The State of Delaware, under Federal Rules of Civil Procedure Rule 25(d), Thus A Law-Suit Against A Person in his official Capacity, is, in effect, A lawsuit Against, The Government, for Whom The Person Works; KENTUCKY V. GRAHAM 473 U.S. 159, 165-66 (1985) MONell V. DEPARTMENT of Social Services 436 U.S. 659, 690 N. 55 (1978); under the EX PARTE YOUNG 209 U.S. 123, 160 (1908) Plaintiff's Can Sue, Defendant Sullivan et al, under his official Capacity, for Injunctive Relief, To Force, The State or State Agency, for Whom he Works, for To obey, The Constitution; See

(6)

Pennhurst State Sch. + Hosp. v. Halderman 465 US 89, 102-05 (1984); Herein Plaintiff has 'NOT' elected to soley do so, but, to sue him in both his official Capasity and his Ind-ividual Capacity, Hafer v. Melo 502 US. 21, 31 (1991); Defendant Sullivan Acts in a dual Capacity under Delaware Rule of Professional Conduct 5.1 as a Supervisor as "Respondeat Superior", as he formulates, a Policy and Enga-ses in a Practice, that, leads to Inadequate Rep-resentations. And his foreseeable Consequences of Such Conduct, and his deliberate Indifference and Willful Blindness; Blyden v. Mancusi 186 f.3d 252, 264 (2d Cir 1999); A Supervisor may be fo-und, Personally Involved, in a deprivation of Rights, when [He], After Learning of Violations. Through a Report and [He], May, be liable Because he Crea-ted, a Policy or Custom, under which, Unconst-itutional Practices Occurred. And Allows Such Policy or Custom to Continue*........., And grossly Negligent, in Managing Subordinates, who everyday Cause, the Unlawful Conditions or Events Played out, in Court Rooms, Throughout the Great State of Delaware Morris v. Dearborne 181 f.3d 657, 672 (5th Cir 1999) defendant Sullivan "Set in Mot-

(M)

---

*It is no Secret That Public Defenders in Delaware are Representing more Indigent Cases each Year without Additional State Fundings to Hire more Attnys id is four-ple Sullivan Newsjournal Story April 2002...

-ion, events that would foreseeably cause the deprivation of Plaintiff's Constitutional Rights, the "departmental policies and procedures" or regulations, that all staff must follow. Thus, Defendant Sullivan, can be Sued, In in his Individual Capacity for damages and in his official Capacity, for "Injunctive Relief". This Court, has the power to enter a Prelim-inary Injunction under Federal Rules of Civil Procedures Rule 65(A), herein the Hon. E. Scott Bradley in Criminal Action No. 0601004409 has "Stayed" Plaintiff's Criminal Case in Superior Court Sussex County, Based on these proceedings, are relative to Case at Bar, Clearly denying Plaint-iff due Process and Equal Protections under the 6th and 14th Amendments to the U.S. Constitution. Pursuant to 18 U.S.C.§ 3626(A)(2) Plaintiff Need's a Preliminary In-juction, as a Result, of Defendant's ongoing Violation of his Constitutional Rights; JACKSON v. Dist of Columbia 254 F.3d 262, 267-68 (D.C. Cir. 2001) Plaintiff, Will likely Suffer, irreparable harm, if this Court, does not, issue a Prelimin-

(8)

*Plaintiff is filing a "Writ of Prohibition" in the Delaware Supreme to Prevent Carol Dunness from Repre--senting him any further in his Criminal Case.

-ary injunction, the threat of harm outweighs any harm that a T.R.O. will cause defendants and a T.R.O. will serve the public interest. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998). "No court has a right to stay a criminal case based on the filing of the proceedings hereinunder. 18 U.S.C. § 3626(A) states.

"The Court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief" i.d ie...

The actual or imminent injury is that defendant's counsel was inadequate and he is entitled to adequate representation in a criminal proceedings, and he is entitled prompt disposition of the criminal case herein plaintiff's criminal case has been put on hold due to the filing of this action.

Wherefore for the foregoing reasons plaintiff would move this court to certify this action and appoint class counsel and issue a preliminary injunction against defendants from representing plaintiff further in his criminal case aforesaid.

Dated: September 5, 2006

Respectfully submitted,
x Charles Edwards

Mr. Charles A. Edwards (#520789)
Sussex Correctional Institute
PO Box 500



# 06-477 KAJ

United States District Court
Hon. Stent A Jordan
844 N. King Street, LockBox 18
Wilmington, DE
19801-3570

S20789
I/M Charles Edwards BLDG. P-5
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947