IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES A. EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 06-477-KAJ |
| | ) |
| LAWRENCE M. SULLIVAN and | ) |
| CAROLE J. DUNN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Charles A. Edwards ("Edwards"), an inmate at the Sussex Corrections Institute ("SCI") brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and on August 10, 2006, was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docket Item ["D.I."] 5.) I will now proceed to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.    THE COMPLAINT**

Edwards filed suit against Lawrence M. Sullivan ("Sullivan"), the Public Defender for the State of Delaware, and Carole J. Dunn ("Dunn"), as Assistant Public Defender. Dunn was appointed to represent Edwards. Edwards sues Sullivan on the basis of respondeat superior. Edwards basically alleges that he was provided ineffective assistance of counsel by defendants during a criminal action brought against Edwards charging him with rape. Edwards seeks compensatory and punitive damages. He also

asks for appointment of a special master to oversee the guidelines for public defenders and requests that the case proceed as a class action.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis*, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. §1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyer" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.   ANALYSIS

### A.   Plaintiff's Habeas Claim

Although not clear, it appears that Edwards was convicted of the crimes with which he was charged.[1] To the extent that Edwards attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). Moreover, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 312 U.S. 477, 487 (1994). In the case at bar, Edwards has not alleged that his conviction or sentence was reversed or invalidated as provided by *Heck*. As is evident from his filings, he is incarcerated at the SCI. Accordingly, to the extent Edwards seeks damages for his current incarceration his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *See, Neitzke*, 490 U.S. at 326.

### B.   State Actor

Edwards brings suit against Sullivan on the basis that he supervised the assistant public defenders, and against Dunn on the basis that, according to him, she

---

[1] Edwards entered a nolo *contendere* plea on July 7, 2006, to one count of third degree rape. Later, he filed a motion to withdraw the plea. The exhibits submitted do not indicate if the motion was granted, causing Edwards to proceed to trial on seven counts of first degree rape, one count of second degree rape, and one count of terroristic threatening, or if the motion was denied and the plea remained in effect. (D.I. 7.)

3

provided him with ineffective assistance of counsel. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

As alleged by Edwards, Sullivan is the Public Defender for the State of Delaware and Dunn is an Assistant Public Defender for the State of Delaware. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Harmon v. Delaware Secretary of State*, 154 Fed.Appx. 283, 284-85 (3d Cir. 2005). Because Sullivan and Dunn are not considered to be state actors, Edwards' claim against them fails under § 1983.

Therefore, I am dismissing, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), the civil rights claims brought against Sullivan and Dunn as frivolous.

### C.  Class Action

The complaint is framed as a class action and Edwards also filed a motion for class certification. (D.I. 8.) A class action can only be maintained if the class representative "will fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(a)(4). "When confronting such a request from a prisoner, courts have consistently held that a prisoner acting *pro se* 'is inadequate to represent the interests of his fellow inmates in a class action.'" *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 299 (D.N.J. 1998) (citing *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992)).

Moreover, as discussed above, Edwards' claims are frivolous. Accordingly, he may not maintain this suit as a class action and his motion for class certification is denied.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that:

1. The motion for class certification (D.I. 8) is DENIED.

2. Charles S. Edwards' complaint is DISMISSED without prejudice as legally frivolous, pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

_____
UNITED STATES DISTRICT JUDGE

October 13, 2006
Wilmington, Delaware